# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **ANTHONY BRIDGEFORTH** ) | |
| **210 20th Street, N.E.** ) | |
| **Unit #4** ) | |
| **Washington, D.C. 20002** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **KHADIJAH BRONSON,** ) | |
| **1204 H. Street, N.E.** ) | |
| **Washington, D.C. 20002** ) | |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | **Civil Action No.:** _____ |
| **John A. Wilson Building** ) | |
| **1350 Pennsylvania Avenue, N.W.** ) | |
| **Suite 407** ) | |
| **Washington, D.C. 20004** ) | |
| ) | |
| **and** ) | |
| ) | |
| **OFFICER JAMES CARTER,** ) | |
| **OFFICER JOSE ACOSTA** ) | |
| **OFFICER DAVID SMITH** ) | |
| **OFFICER JOSEPH POWELL** ) | |
| **OFFICER DARRELL JOHNSON, and** ) | |
| **CAPTAIN RALPH W. MCLEAN,** ) | |
| **D.C. Metropolitan Police Department** ) | |
| **1st District Police Station** ) | |
| **415 4th Street, S.W.** ) | |
| **Washington, D.C. 20024** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## NOTICE OF REMOVAL

The District of Columbia, Officer James Carter, and Officer Darrell Johnson are

defendants in the case *Anthony Bridgeforth v. District of Columbia, et al.,* Civil Action

No. 06-0447, now pending in the Superior Court of the District of Columbia. Pursuant to 28 U.S.C. §§1441 and 1446, these defendants remove the above action from the Superior Court of the District of Columbia to this Honorable Court because the claims raised in plaintiff's complaint present federal questions appropriate for this Court.

Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1446, parties have 30 days after the receipt of the complaint, through service or otherwise, to file its removal of an action to the Untied States District Court. The herein named defendants received a copy of the Summons and Complaint on or about November 14, 2006. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

   /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
LEAH BROWNLEETAYLOR [433298]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov; leah.taylor@dc.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of December 2006, a copy of the foregoing

Notice of Removal was mailed, postage prepaid to:

Adam K. Levin, Esq,
Jeremy T. Monthy, Esq.
Eliza L. Andonova, Esq.
Hogan & Hartson, L.L.P
555 Thirteenth Street, N.W.
Washington, D.C. 20004

Darryl F. White, Esq.
4308 Georgia Avenue, NW
Washington, D.C. 20011


_____
Leticia L. Valdes
Assistant Attorney General

*IQ488907*

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Anthony Bridgeforth<br>210 20th Street, NE Unit #4<br>Washington, D.C. 20002<br><br>Plaintiff,<br><br>v.<br><br>Khadijah Bronson,<br>1204 H Street, NE<br>Washington, DC 20002,<br><br>District of Columbia<br>John A. Wilson Building<br>1350 Pennsylvania Avenue, NW<br>Suite 407<br>Washington, DC 20004<br><br>and<br><br>Officer James Carter,<br>Officer Jose Acosta,<br>Officer David Smith,<br>Officer Joseph Powell,<br>Officer Darrell Johnson, and<br>Captain Ralph W. McLean,<br>D.C. Metropolitan Police Department<br>1st District Police Station<br>415 4th Street, SW<br>Washington, D.C. 20024<br><br>Defendants. | CIVIL NO. 06-CA-000447<br>Calendar # 12<br>Judge Morin<br>Next Event: 09/05/06 Deadline<br>       for Discovery Requests |

SECRETARY OF D.C.
2006 NOV 14 P 12: 39

## <u>AMENDED COMPLAINT</u>

## NATURE OF ACTION

Plaintiff Anthony Bridgeforth ("Mr. Bridgeforth"), individually brings this Amended Complaint against defendants Khadijah Bronson ("Bronson"), the District of Columbia, Officer James Carter ("Carter"), Officer Jose Acosta ("Acosta"), Officer David Smith ("Smith"), Officer Joseph Powell ("Powell"), Officer Darrell Johnson ("Johnson"), and Captain Ralph W. McLean ("McLean"), in their individual and official capacities under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983, the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Fourth Amendment to the United States Constitution, and District of Columbia common law.  Mr. Bridgeforth seeks redress for activity surrounding an unlawful eviction committed by all of these defendants.

## JURISDICTION AND VENUE

1.    This action is filed under District of Columbia common law, 42 U.S.C. § 1983, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution to redress the injuries suffered by Mr. Bridgeforth.  This Court has jurisdiction of this action by virtue of D.C. Code § 11-921 (2001 ed.).  Mr. Bridgeforth seeks damages in excess of $25,000.

2.    Venue is appropriate in the District of Columbia because each of Mr. Bridgeforth's claims arose in this judicial district.

## PARTIES

3.    Plaintiff Anthony Bridgeforth is a resident of the District of Columbia. He is enrolled in Section 8 Tenant-Based Assistance as part of the Housing Choice Voucher Program.

4.    Defendant Khadijah Bronson holds herself out as landlord and lessor of 210 20th Street, N.E. Unit #4 (also referred to as the "Property" or "Premises").  At all

times relevant to the matters alleged in this Complaint, defendant Bronson acted as sole owner, lessor, landlord, and agent of the Property.

5.     Defendant District of Columbia is a municipal corporation responsible for the supervision and operation of the D.C. Metropolitan Police Department ("MPD"). The District of Columbia is capable of being sued under D.C. Code § 1-102 (2001 ed.).

6.     Officer James Carter, Officer Jose Acosta, Officer David Smith, Officer Joseph Powell, and Officer Darrell Johnson are, or were during the relevant time period, employees and police officers in the MPD.

7.     Captain Ralph W. McLean is, or was during the relevant time period, a police officer employed by the MPD, MPD Captain responsible for police activity in the MPD First District PSA 101, and supervisor of the officers set forth in paragraph 6 above.

8.     Defendants Officer Carter, Officer Costa, Officer Smith, Officer Powell, Officer Johnson, and Captain McLean are sued in both their official and individual capacities. With respect to their actions complained of herein, all defendants acted under color of state law for purposes of 42 U.S.C. § 1983.

## FACTS
### Rental and Possession of 210 20th Street, N.E., Unit #4

9.     On or about November 1, 2005, Mr. Bridgeforth noticed a flier at the District of Columbia Housing Authority (hereinafter "DCHA") for Section 8 units available for rent. Mr. Bridgeforth called the number indicated on the advertisement and spoke with defendant Khadijah Bronson.

10.    Mr. Bridgeforth and Ms. Bronson met at a Bank of America branch on 6th Street and Pennsylvania Avenue, S.E. Initially, Mr. Bridgeforth was interested in renting a unit on 1617 E Street, N.E.; however, the DCHA did not approve that

3

unit for lease.  Ms. Bronson then suggested that Mr. Bridgeforth rent a unit at 210 20th Street, N.E.  Mr. Bridgeforth was familiar with the neighborhood, and the parties agreed to initiate the DCHA Lease Up package.

11.    On or about November 4, 2005, Mr. Bridgeforth and Ms. Bronson met at 1204 H Street, N.E. and agreed to monthly payments of One Thousand Fifty Two Dollars ($1052.00) for the rental of Unit #3 at 210 20th Street, N.E. and a security deposit of $500, to be paid by Mr. Bridgeforth.  The parties then executed a form titled Housing Choice Voucher Program Request for Tenancy Approval.  Mr. Bridgeforth was given an opportunity to inspect Unit #3 at the subject site at the time the form was executed, and the Unit met with his approval.

12.    On November 29, 2005, DCHA performed a customary inspection of 210 20th Street, N.E. Unit #3 in the presence of Ms. Bronson.  Mr. Bridgeforth was not at the inspection.  The Housing Choice Voucher Program Inspection Checklist and the DCHA Rent Reasonableness Date for Program Unit Form both indicate that Unit #3 on 210 20th Street, NE passed initial inspection.

13.    According to the DCHA Lease Up package paperwork, a lease between Mr. Bridgeforth and defendant Bronson commenced on December 1, 2005.  Ms. Bronson received from DCHA a full rent payment of $1052.00 for the month of December 2005.

14.    On information and belief, Ms. Bronson gave Mr. Bridgeforth the keys to Unit #4 at 210 20th Street, N.E. on December 20, 2005.

15.    On December 23, 2005, and December 30, 2005, Mr. Bridgeforth and defendant Bronson, respectively, executed the District of Columbia Housing Choice Voucher Program Lease Information Form for 210 20th Street, NE Unit #4.  The form includes the following provisions, each of which is initialed by Ms. Bronson:

- The rental term would commence on December 1, 2005 and terminate on November 30, 2006;

- The total monthly rent for the initial term of the lease was One Thousand Fifty Two Dollars ($1052.00);

- The tenant, Mr. Bridgeforth, deposited, or would deposit, to the owner/landlord, Ms. Bronson, a security deposit in the amount of Five Hundred Dollars ($500.00); and

- The owner/landlord, Ms. Bronson, acknowledged that the contract rent was approved for the above-referenced unit, and that tenant would be granted access to the entire unit for the term of the lease.

Ms. Bronson acknowledged receipt of a DCHA notification to Mr. Bridgeforth that his DCHA Lease Up application had been processed with these same terms on December 30, 2005.

16.    Mr. Bridgeforth visited the Property on or about December 23, 2005, and soon realized that Unit #4 was materially different from Unit #3. Among other things, Unit #4 did not have any gas; therefore, Mr. Bridgeforth was without any heat or hot water in the middle of the winter. Additionally, the kitchen stove was not operational, birds nested in the ceiling of the apartment, and rodents entered the apartment via various holes in the walls.

17.    On or about December 23, 2005, Mr. Bridgeforth called the DCHA to report that the keys he received from Ms. Bronson were for a different unit than the one inspected and identified in the Lease Up paperwork and that Unit #4 was uninhabitable. Mr. Bridgeforth requested a re-inspection of the unit. DCHA personnel informed Mr. Bridgeforth that they could not re-inspect the unit until after the holidays.

18.    On January 10, 2006, DCHA inspected 210 20th Street, N.E., Unit #4 in Mr. Bridgeforth's presence. The unit failed inspection. Ms. Bronson was given twenty-four hours to connect the gas and three days to address numerous other deficiencies noted by the inspector. The inspection report further indicated that DCHA would re-inspect the unit on January 13, 2006 to verify the repairs were made.

Ms. Bronson failed to connect the gas or make the necessary repairs within the time frame allowed by the DCHA inspector. Regardless, on January 11, 2006, Ms. Bronson signed several more documents required by DCHA, including the DCHA Lease Up Package Checklist, and the Disclosure of Information on Lead-Based Paint.

19.    On or about January 11, 2006, Mr. Bridgeforth appeared at DCHA in person in order to complete any additional paperwork DCHA indicated would be necessary in order to transfer the Lease Up information from Unit #3 to Unit #4. A DCHA representative indicated that no further paperwork was necessary for the time being, and she manually struck through the "Unit #3" on the paperwork and inserted "Unit #4." At that time if not before, Mr. Bridgeforth was under the understanding that his tenancy at the premises was official and recognized by DCHA.

20.    On information and belief, Ms. Bronson knew Mr. Bridgeforth was residing in Unit #4 at 210 20th Street, N.E. as of early January 2006 if not before.

### Police Involvement and Unlawful Eviction

21.    On January 20, 2006, Ms. Bronson began a harassment campaign to illegally evict Mr. Bridgeforth from his home. Mr. Bridgeforth awoke the morning of January 20, 2006 to loud banging on his apartment door. The person at the door, a friend of Ms. Bronson, demanded that Mr. Bridgeforth leave his home and attempted to force entry into the apartment to carry out his demand.

22.    On information and belief, Ms. Bronson had not filed an action in Landlord and Tenant Court in order to recover possession of the Property. Neither Ms. Bronson nor her friend had a Writ of Restitution or other court order authorizing them to engage in an eviction.

23.    Mr. Bridgeforth summoned police assistance by dialing 9-1-1. The responding MPD officers properly declined to become involved in this

6

landlord-tenant dispute, and instead issued Mr. Bridgeforth a six-digit incident report number ("CCN number") and corresponding index card.

24.    When Ms. Bronson learned that the MPD officers responding to Mr. Bridgeforth's call did not evict Mr. Bridgeforth, Ms. Bronson vowed to continue attempting to obtain self-help because "she gets results."

25.    Later the same day, at or about 3:00 p.m., Ms. Bronson arrived at Mr. Bridgeforth's apartment accompanied by several different uniformed MPD officers. Ms. Bronson asked the MPD officers to evict Mr. Bridgeforth. Mr. Bridgeforth presented the previously-issued CCN card, as well as his DCHA Section 8 paperwork. The new group of MPD officers then properly declined to become involved.

26.    Unsatisfied, Ms. Bronson continued her harassment and returned to Mr. Bridgeforth's apartment with yet another set of uniformed MPD officers at or about 4:30 p.m. the same day. Mr. Bridgeforth again had to endure the humiliation of having to defend his right to be at his apartment. The MPD officers did not comply with Ms. Bronson's request to evict Mr. Bridgeforth.

27.    Undeterred, Ms. Bronson returned to Mr. Bridgeforth's apartment with another group of uniformed MPD officers at approximately 7:30 p.m. the same day. This latest group of MPD officers also left the Property without evicting Mr. Bridgeforth.

28.    Unfortunately, Mr. Bridgeforth's nightmare was not over. On information and belief, Ms. Bronson contacted Captain McLean on January 20, 2006 after multiple MPD units had not participated in her self-help eviction of Mr. Bridgeforth. Captain McLean advised Ms. Bronson to obtain documentation other than an order from Landlord and Tenant Court to support her claim that Mr. Bridgeforth was not entitled to reside in the Property. Captain McLean ultimately authorized MPD officers to participate in Ms. Bronson's self-help eviction of Mr.

Bridgeforth without a Writ of Restitution or other court order authorizing them to engage in an eviction

29.    Later in the evening of January 20, 2006, Mr. Bridgeforth received a frantic call at work from his companion Yolanda Geter informing him that the police were again at Mr. Bridgeforth's apartment waiting for him to return from work. When Mr. Bridgeforth returned to the Property at approximately 11:30 p.m., he was confronted by Ms. Bronson and defendants Carter, Smith, Acosta, Powell and Johnson. Defendants Carter, Smith, Acosta, Powell, and Johnson were wearing their MPD uniforms. Ms. Bronson insisted that Officer Carter arrest Mr. Bridgeforth for unlawful entry. Again, Ms. Bronson had not filed an action in Landlord and Tenant Court in order to recover possession of the Property, and did not provide the MPD officers with a Writ of Restitution or other court order authorizing them to engage in an eviction. Mr. Bridgeforth attempted to show the previously-issued CCN number and the DCHA paperwork establishing his rightful tenancy, but was instead informed that he would have five minutes to collect his personal belongings and vacate the Property. To further intimidate and frighten Mr. Bridgeforth and Ms. Geter while the five minutes was quickly passing, defendant Carter followed Ms. Geter around the apartment with his hand resting on his holstered weapon. At all times during this incident, Officers Smith, Acosta, Powell and Johnson remained on the premises, observed the actions of defendants Bronson and Carter, and failed to intervene or stop the illegal eviction of Mr. Bridgeforth from his home.

30.    Immediately after complying with the armed orders of defendants, Mr. Bridgeforth called 9-1-1 to request police assistance and protection. Mr. Bridgeforth was told by a 9-1-1 supervisor, however, that an order had been given out by a Captain at the First District Police Station that no additional police units could be dispatched to 210 20th Street, N.E.

31.    Exhausted and understandably intimidated by the presence of five uniformed and armed MPD officers, Mr. Bridgeforth and Ms. Geter decided to leave the premises.  Prior to driving away from the premises, Mr. Bridgeforth and Ms. Geter observed defendants Smith and Carter change the locks to Mr. Bridgeforth's apartment.

32.    As a result of defendants' actions, Mr. Bridgeforth lost access to perishable food, cash, and items necessary for him to perform his work.  Mr. Bridgeforth was terminated from his work as a result of the delays arising out of the events on January 20 and his inability to access his equipment.  Mr. Bridgeforth also suffered emotional trauma of losing his home at the hands of the very officials who were supposed to uphold the law and defend Mr. Bridgeforth's due process rights and/or legal right to the Property.

33.    Since December 2005, Ms. Bronson has received timely monthly rent payments from DCHA in the amount of $1052.00 per month for Mr. Bridgeforth's tenancy at 210 20th Street, NE Unit #4.  She has received at least six such payments from DCHA and, on information and belief, continues to receive such payments as of the date of filing the Amended Complaint.

## COUNT I

## WRONGFUL EVICTION

### (Against defendant Bronson)

34.    Plaintiff adopts and incorporates by reference each and every preceding paragraph as if fully set forth herein.

35.    Without court authorization or supervision by the United States Marshall Service, Ms. Bronson intentionally and maliciously interfered with Mr. Bridgeforth's peaceable possession of 210 20th Street, N.E. Unit #4 beginning on January 20, 2006 and lasting through on or about May 19, 2006.

36.    Mr. Bridgeforth suffered economic and emotional damage as a result of Ms. Bronson's actions.

## COUNT II

### WRONGFUL EVICTION

**(Against defendants District of Columbia, Carter, Smith, Acosta, Powell, Johnson, and McLean)**

37.    Plaintiff adopts and incorporates by reference each and every preceding paragraph as if fully set forth herein.

38.    Without court authorization or supervision by the United States Marshall Service, defendants Carter, Smith, Acosta, Powell, Johnson, and McLean intentionally and maliciously interfered with Mr. Bridgeforth's peaceable possession of 210 20th Street, N.E. Unit #4 through their actions on January 20, 2006, which ultimately resulted in an eviction on or about January 20, 2006.

39.    At all times during the events on or about January 20, 2006, defendants Carter, Smith, Acosta, Powell, Johnson, and McLean were acting in the scope of their employment for the District of Columbia. The District of Columbia's failure to adequately supervise and train police officers directly resulted in the behavior described above. In addition, defendant District of Columbia is liable for the wrongful actions of defendants Carter, Smith, Acosta, Powell, Johnson, and McLean, under the theory of *respondeat superior*.

40.    Mr. Bridgeforth suffered economic and emotional damage as a result of defendants' actions.

10

## COUNT III

## VIOLATIONS OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND VIOLATIONS OF 42 U.S.C. § 1983

### (Against defendant District of Columbia)

41.    Plaintiff adopts and incorporates by reference each and every preceding paragraph as if fully set forth herein.

42.    At all times, defendant District of Columbia was a "person" within the meaning of 42 U.S.C. § 1983.

43.    Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, Mr. Bridgeforth has a right to be free from evictions performed without due process of law, including threats that Mr. Bridgeforth may be arrested for unlawful entry, and District personnel changing locks to the Property without resort to, or an order from, Landlord and Tenant Court.

44.    Defendants subjected Mr. Bridgeforth, or caused Mr. Bridgeforth to be subjected to, a deprivation of his rights by participating in an eviction without due process of law as described above.

45.    At all times relevant to this Complaint, defendant District of Columbia breached its constitutional duty to protect plaintiff by its deliberate indifference in inadequately supervising and training MPD officers to prevent their participation in evictions without due process of law. The District of Columbia's failure to adequately supervise and train police officers to prevent participation in evictions without due process of law in this matter constitutes deliberate indifference to, and wanton and malicious disregard of, Mr. Bridgeforth's rights as secured by the Fifth and Fourteenth Amendments to the United States Constitution.

46.    The conduct of defendants Carter, Smith, Acosta, Powell, Johnson, and McLean was attributable to a final policymaker and/or amounted to a policy or custom that was a moving force which directly and/or proximately caused the

violations of plaintiff's constitutional rights and which caused plaintiff to suffer injury.

47.    Defendants' violation of 42 U.S.C. § 1983 proximately caused plaintiff to suffer monetary damages and emotional distress.

## COUNT IV

### VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND VIOLATIONS OF 42 U.S.C. § 1983

#### (Against defendant District of Columbia)

48.    Plaintiff adopts and incorporates by reference each and every preceding paragraph as if fully set forth herein.

49.    At all times, defendant District of Columbia was a "person" within the meaning of 42 U.S.C. § 1983.

50.    Pursuant to the Fourth and Fourteenth Amendment to the United States Constitution, Mr. Bridgeforth has the right to be secure in his person, house, papers and effects against unreasonable seizures.

51.    Defendant subjected Mr. Bridgeforth, or caused Mr. Bridgeforth to be subjected to, a deprivation of this right by permitting defendants Carter and Smith to change the locks and unlawfully seize 210 20th Street, N.E. Unit #4 and Mr. Bridgeforth's possessions therein, on or about January 20, 2006, without providing Mr. Bridgeforth a means of entry, access to his belongings, or a key to the new locks, all of which constituted an unreasonable seizure.

52.    At all times relevant to this Complaint, defendant District of Columbia breached its constitutional duty to protect plaintiff by its deliberate indifference in inadequately supervising and training MPD officers to prevent their participation in evictions without due process of law.  The District of Columbia's failure to adequately

supervise and train police officers to prevent MPD officers from unlawfully seizing plaintiff's residence and possessions constitutes deliberate indifference to, and wanton and malicious disregard of, Mr. Bridgeforth's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

53.    The conduct of defendants Carter and Smith was attributable to a final policymaker and/or amounted to a policy or custom that was a moving force which directly and/or proximately caused the violations of plaintiff's constitutional rights and which caused plaintiff to suffer injury.

54.    Defendants' violation of 42 U.S.C. § 1983 proximately caused plaintiff to suffer monetary damages and emotional distress.

## COUNT V

## VIOLATIONS OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND VIOLATIONS OF 42 U.S.C. § 1983

**(Against defendants Carter, Acosta, Smith, Powell, Johnson, and McLean)**

55.    Plaintiff adopts and incorporates by reference each and every preceding paragraph as if fully set forth herein.

56.    At all times, defendants Carter, Acosta, Smith, Powell, Johnson, and McLean, were "persons" within the meaning of 42 U.S.C. § 1983.

57.    Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, Mr. Bridgeforth has a right to be free from evictions performed without due process of law, including threats that Mr. Bridgeforth may be arrested for unlawful entry, and District personnel changing locks to the Property without resort to, or an order from, Landlord and Tenant Court.

58.    Defendants subjected Mr. Bridgeforth, or caused Mr. Bridgeforth to be subjected to, a deprivation of his rights by participating in an eviction without due process of law as described above.

59.    Before the incident occurring on or about January 20, 2006, took place, MPD policy and D.C. law clearly provided that it is unlawful for MPD officers to carry out evictions or to participate in evictions without obtaining an authorized order from Landlord and Tenant Court from the landlord.

60.    At all times relevant to the Complaint, defendants Carter, Smith, Acosta, Powell, Johnson, and McLean, were acting under color of the laws, customs, and usage of the District of Columbia within the meaning of 42 U.S.C. § 1983.

61.    Defendants' violation of 42 U.S.C. § 1983 proximately caused plaintiff to suffer monetary damages and emotional distress.

## COUNT VI

### VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND VIOLATIONS OF 42 U.S.C. § 1983

#### (Against defendants Carter and Smith)

62.    Plaintiff adopts and incorporates by reference each and every preceding paragraph as if fully set forth herein.

63.    At all times, defendants Carter and Smith were "persons" within the meaning of 42 U.S.C. § 1983.

64.    Pursuant to the Fourth and Fourteenth Amendment to the United States Constitution, Mr. Bridgeforth has the right to be secure in his person, house, papers and effects against unreasonable seizures.

65.    Before the incident occurring on or about January 20, 2006, took place, MPD policy and D.C. law clearly provided that it is unlawful for MPD officers to carry out evictions or to participate in evictions performed without obtaining an authorized order from Landlord and Tenant Court from the landlord.

66.    Defendants subjected Mr. Bridgeforth, or caused Mr. Bridgeforth to be subjected to, a deprivation of this right by participating in changing the locks and

14

unlawfully seizing 210 20th Street, N.E. Unit #4 and Mr. Bridgeforth's possessions therein, on or about January 20, 2006, without providing Mr. Bridgeforth a means of entry, access to his belongings, or a key to the new locks, all of which constituted an unreasonable seizure.

67.     At all times relevant to the Complaint, defendants Carter and Smith were acting under color of the laws, customs, and usage of the District of Columbia within the meaning of 42 U.S.C. § 1983.

68.     Defendants' violation of 42 U.S.C. § 1983 proximately caused plaintiff to suffer monetary damages and emotional distress.

## COUNT VII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against defendants District of Columbia, Bronson, Carter, Smith, and McLean)

69.     Plaintiff adopts and incorporates by reference each and every preceding paragraph as if fully set forth herein.

70.     The conduct of defendants District of Columbia, Bronson, Carter, Smith, and McLean on or about January 20, 2006 was intentional and/or reckless.

71.     The conduct of defendants District of Columbia, Bronson, Carter, Smith, and McLean on or about January 20, 2006 was extreme, outrageous, and malicious.

72.     At all times during the events on or about January 20, 2006, defendants Carter, Smith, and McLean were acting in the scope of their employment for the District of Columbia.  The District of Columbia's failure to adequately supervise and train police officers directly resulted in the intentional and extreme, outrageous, and malicious behavior described above.  In addition, defendant District of Columbia is liable for the wrongful actions of defendants Carter, Smith, and McLean, under the theory of *respondeat superior*.

73.    The conduct of defendants District of Columbia, Bronson, Carter, Smith, and McLean resulted in severe emotional distress to plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court to grant the following relief:

1.    Award plaintiff compensatory damages jointly and severally against each defendant in an amount to be determined at trial.

2.    Award plaintiff punitive damages jointly and severally against each defendant in an amount to be determined at trial.

3.    Award plaintiff his reasonable attorney's fees and costs in bringing this action.

4.    Enter a Permanent Injunction in the form of the Preliminary Injunction previously entered by the Court.

5.    Grant such other relief as this Court deems just and proper.

Respectfully Submitted,

HOGAN & HARTSON L.L.P.

By:    _____
Adam K. Levin (#460362)
Jeremy T. Monthy (#468903)
Eliza L. Andonova (#486277)
555 Thirteenth Street, N.W.
Washington, D.C.  20004
(202) 637-5600

Counsel for Plaintiff

Dated:  August 28, 2006

16

## JURY DEMAND

Pursuant to Superior Court Civil Procedure Rule 38(b), Plaintiff

Anthony Bridgeforth hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

HOGAN & HARTSON L.L.P.

By: _____

Adam K. Levin (#460362)
Jeremy T. Monthy (#468903)
Eliza L. Andonova (#486277)
555 Thirteenth Street, N.W.
Washington, D.C.  20004
(202) 637-5600

Counsel for Plaintiff

Dated:  August 28, 2006

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Anthony Bridgeforth )
)
      Plaintiff, )
)
v. )
)
Khadijah Bronson )
)
      Defendant. )
)
)

**FILED**
CIVIL ACTIONS BRANCH
SEP ...
of the ... Court
... Columbia
W... D.C.

CIVIL NO. 06-CA-000447
Calendar # 12
Judge Morin
Next Event: 09/05/06 Deadline
            for Discovery Requests

## ORDER

Upon consideration of plaintiff's Motion For Leave to Amend Complaint, the Statement of Points and Authorities in support thereof, the attached Amended Complaint, any responses thereto, and other relevant authority, it is hereby

**ORDERED** that the Motion should be, and hereby is

**GRANTED.** It is

**FURTHER ORDERED** that the Amended Complaint lodged by plaintiff with his motion papers be deemed filed as of this date; it is

**FURTHER ORDERED** that the Amended Complaint is deemed served upon defendant Khadijah Bronson, as of the date of this Order.

DOCKETED In Chambers  SEP 2 5 2006

MAILED From Chambers  SEP 2 5 2006



Dated this ____ day of _____, 2006.

BY THE COURT:

_Robert Chen_  9/20/06
_____
Hon. Robert E. Morin
Judge
Superior Court of the District of Columbia


Copies to:

Darryl F. White, Esq.
Law Office of Darryl F. White
4308 Georgia Ave, NW
Washington, DC 20011
Counsel for Defendant Bronson


Adam K. Levin, Esq.
Jeremy T. Monthy, Esq.
Eliza L. Andonova, Esq.
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C.  20004
Counsel for Plaintiff

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Anthony Bridgeforth
210 20th St NE #4
WDC 20002                    *vs.*

*Plaintiff*
CIVIL ACTIONS BRANCH
JAN 24 2006
Superior Court
of the District of Columbia
Washington, D.C.

06-0000-447

CIVIL ACTION No. _____

Khadijah Bronson
1050 45th St N.E.

*Defendants*

## COMPLAINT

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.**

2. Plaintiff is a tenant at 210 20th St., NE Apt. 4, Washington, DC 20002.

3. Plaintiff was evicted without court process, by Khadijah Bronson on January 21, 2006. Plaintiff was forced to leave the apartment and the locks were changed afterwards.

4. Plaintiff has been damaged because all of his possessions and money remain in the unit. Plaintiff does not have another home and his possessions are in danger.

5. Plaintiff requests that the court restore him his possessions.

   **Wherefore, Plaintiff demands judgment against Defendant in the sum of $ ~~80,000~~ AB 152,445 with interest and costs.**

6. Plaintiff has sustained actual damages in the amount of $18,000    202-413-3300

7. Plaintiff requests $100,000 in mental anguish + suffering.    **Phone:** 202-468-7676

**DISTRICT OF COLUMBIA, SS**    8. Plaintiff requests ~~32,000~~ punitive damages.

_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

Case: 2006 CA 000447 B

_Anthony Bridgeforth_
(Plaintiff)                                                              Agent)

Subscribed and sworn to before me this __24th__ day of __January__ 20 __06__.

APPOLLO CAMERON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 14 2010

_Appollo Cameron_
(Notary Public/Deputy Clerk)

FORM CV-1015/ Nov. 00

L
06-2128
RCL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

ANTHONY BRIDGEFORTH
210 20th Street, N.E.
Unit #4
Washington, D.C. 20002

1100

## DEFENDANTS

DISTRICT OF COLUMBIA, Officer James Carter, Officer Darrell Johnson
John A. Wilson Building
1350 Pennsylvania Avenue, N.W. Suite 407
Washington, D.C. 20004

1100

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Adam K. Levin, Esq.
Jeremy T. Monthy, Esq.
Eliza L. Andonova, Esq.
Hogan & Hartson, L.L.P
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600

CASE NUMBER  1:06CV02128

JUDGE:  Royce C. Lamberth

DECK TYPE:  Civil Rights (non-employ

DATE STAMP:  12/14/2006

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ⊗ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding  ⊗ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §§1441 and 1446,, 42 U.S.C. 1983

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 12/14/06   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.