UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Bridgeforth,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>Khadijah Bronson, *et al.*,<br><br>　　　Defendants. | C.A. No.: 06-2128 (RCL) |

**DEFENDANTS DISTRICT OF COLUMBIA, OFFICER JOSEPH A. POWELL, OFFICER JAMES L. CARTER, OFFICER JOSE ACOSTA, OFFICER DARRELL D. JOHNSON AND CAPTAIN RALPH W. MCLEAN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT[1]**

Defendants, District of Columbia, Officer Joseph A. Powell, Officer James L. Carter, Officer Jose Acosta, Officer Darrell D. Johnson and Captain Ralph W. McLean, by and through counsel, respond to the Amended Complaint, as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the Amended Complaint, defendants District of Columbia, Officer Joseph A. Powell, Officer James L. Carter, Officer Jose Acosta, Officer Darrell D. Johnson and Captain Ralph W. McLean District of Columbia respond in like-numbered paragraphs as follows:

Jurisdiction and Venue

1-2.　These defendants acknowledge the statutory authorities cited in paragraphs 1 and 2 of the Amended Complaint, but deny that jurisdiction and venue are necessarily conferred therefrom.

---

[1] The Office of the Attorney General has been unable to contact Defendant Smith to ascertain whether he seeks representation. OAG respectfully requests that it be allowed one week to determine representation issues.

Parties

3-4. These defendants are without sufficient information to either admit or deny the allegations set forth in paragraphs 3 and 4 of the Amended Complaint.

5. The District acknowledges its status as a municipal government. The remaining averments are the legal conclusions of the pleader to which no response is required from these defendants.

6. The defendants admit that Officer James Carter, Officer Jose Acosta, Officer David Smith, Office Joseph Powell and Office Darrell Johnson are and were during the relevant time period, employees of the District of Columbia Metropolitan Police Department.

7. The defendants admit that Captain Ralph W. McLean was employed by Metropolitan Police Department during the relevant time period. The remaining allegations are plaintiff's legal conclusions to which no response is required.

8. The averments set forth in paragraph 8 of the Amended Complaint are the legal conclusions of the pleader to which no response is required from these defendants.

FACTS

Rental and Possession of 210 20th Street, N.E. Unit #4

9-20. These defendants are without sufficient information to either admit or deny the allegations set forth in paragraphs 9 through 20 of the Amended Complaint.

Police Involvement and Unlawful Eviction

21-27. These defendants are without sufficient information to either admit or deny the allegations set forth in paragraphs 21 through 27 of the Amended Complaint.

28. These defendants deny the allegations set forth in paragraph 28 of the Amended Complaint.

29. These defendants admit that on the night of the alleged incident Officer James Carter, Officer Jose Acosta, Office Joseph Powell and Office Darrell Johnson responded to the scene. These defendants deny that they intimidated or frightened plaintiff. These defendants are without sufficient information to either admit or deny the remaining allegations set forth in paragraph 29 of the Amended Complaint. To the extent that a response is required, these defendants deny the allegations.

30. These defendants are without sufficient information to either admit or deny the allegations set forth in paragraphs 21 through 27 of the Amended Complaint. To the extent that a response is required, these defendants deny the allegations.

31-32. These defendants deny the allegations set forth in paragraphs 31 and 32 of the Amended Complaint.

33. These defendants are without sufficient information to either admit or deny the allegations set forth in paragraph 33 of the Amended Complaint.

Count I
Wrongful Eviction
(Against defendant Bronson)

34. Defendants reassert each and every response contained in paragraphs 1 through 33 above as if fully set forth herein and hereby incorporates them by reference.

35-36. Paragraphs 35 and 36 of the Amended Complaint are directed to a party other than the District defendants, and as such, no response is necessary.

Count II
Wrongful Eviction
(Against defendants District of Columbia, Carter, Smith, Acosta, Powell, Johnson and McLean)

37.  Defendants reassert each and every response contained in paragraphs 1 through 36 above as if fully set forth herein and hereby incorporates them by reference.

38.  These defendants deny the allegations set forth in paragraph 38 of the Amended Complaint.

39.  The allegations set forth in paragraph 39 of the Amended Complaint are the legal conclusions of the pleader to which no response is required from these defendants. To the extent that a response is required, these defendants deny the allegations.

40.  These defendants deny the allegations set forth in paragraph 40 of the Amended Complaint.

Count III
<u>Violations of the Fifth and Fourteenth Amendments to the U.S. Constitution,
and Violations of 42 U.S.C. § 1983</u>
(Against defendant District of Columbia)

41.  Defendants reassert each and every response contained in paragraphs 1 through 37 above as if fully set forth herein and hereby incorporates them by reference.

42-43.  The allegations set forth in paragraphs 42 and 43 are the legal conclusions of the pleader to which no response is required from these defendants.

44-47.  These defendants deny the allegations set forth in paragraphs 44 through 47 of the Amended Complaint.

Count IV
<u>Violations of the Fourth and Fourteenth Amendments to the U.S. Constitution,
and Violations of 42 U.S.C. § 1983</u>
(Against defendant District of Columbia)

48.  Defendants reassert each and every response contained in paragraphs 1 through 47 above as if fully set forth herein and hereby incorporates them by reference.

49-50. The allegations set forth in paragraphs 49 and 50 are the legal conclusions of the pleader to which no response is required from these defendants.

51-54. These defendants deny the allegations set forth in paragraphs 51 through 54 of the Amended Complaint.

Count V

Violations of the Fifth and Fourteenth Amendments to the U.S. Constitution,
and Violations of 42 U.S.C. § 1983
(Against defendants Carter, Acosta, Smith, Powell, Johnson and McLean)

55.     Defendants reassert each and every response contained in paragraphs 1 through 54 above as if fully set forth herein and hereby incorporates them by reference.

56-57. The allegations set forth in paragraphs 56 and 57 are the legal conclusions of the pleader to which no response is required from these defendants.

58.     These defendants deny the allegations set forth in paragraphs 58 of the Amended Complaint.

59-60. The allegations set forth in paragraphs 59 and 60 are the legal conclusions of the pleader to which no response is required from these defendants.

61.     These defendants deny the allegations set forth in paragraph 61 of the Amended Complaint.

Count VI

Violations of the Fourth and Fourteenth Amendments to the U.S. Constitution,
and Violations of 42 U.S.C. § 1983
(Against defendants Carter and Smith)

62.     Defendants District of Columbia, Officer Joseph A. Powell, Officer James L. Carter, Officer Jose Acosta, Officer Darrell D. Johnson and Captain Ralph W. McLean reassert each and every response contained in paragraphs 1 through 61 above as if fully set forth herein and hereby incorporates them by reference.

63-65. The allegations set forth in paragraphs 63 through 65 are the legal conclusions of the pleader to which no response is required from these defendants.

66-68. These defendants deny the allegations set forth in paragraphs 66 through 68 of the Amended Complaint.

Count VII
Intentional Infliction of Emotional Distress
(Against defendants District of Columbia, Bronson, Carter, Smith and McLean)

69. Defendants reassert each and every response contained in paragraphs 1 through 68 above as if fully set forth herein and hereby incorporates them by reference.

70.-71. Defendants deny the allegations set forth in paragraphs 70 and 71 of the Amended Complaint.

72. The allegations set forth in paragraph 72 are the legal conclusions of the pleader to which no response is required from these defendants.

73. Defendants deny the allegations set forth in paragraph 73 of the Amended Complaint.

### **THIRD DEFENSE**

The individually named defendants may be entitled to qualified immunity for their complained of conduct.

### **FOURTH DEFENSE**

Plaintiff's claims do not rise to the level of constitutional violations.

### **FIFTH DEFENSE**

The actions of these defendants were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

**SIXTH DEFENSE**

The actions of these defendants were taken in good faith and with a reasonable belief in their lawfulness.

**SEVENTH DEFENSE**

The District cannot be held liable for the alleged unconstitutional misconduct of its employees.

**EIGHTH DEFENSE**

If plaintiff was injured as alleged in the Amended Complaint, such injuries were the result of the criminal or wrongful acts of third persons and not these defendants.

**NINTH DEFENSE**

If plaintiff was injured as alleged in the Amended Complaint, such injuries were the result of his sole or contributory negligence and/or assumption of the risk.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate his damages.

**ELEVENTH DEFENSE**

The applicable statutes of limitations may bar this action.

**TWELFTH DEFENSE**

Plaintiff cannot prove facts sufficient to maintain a cause of action against the defendant District of Columbia pursuant to 42 U.S.C. § 1983.

**THIRTEENTH DEFENSE**

These defendants deny all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, statutory and operational standards, and negligence.

## FOURTEENTH DEFENSE

Plaintiff may have failed to fully comply with the mandatory requirements of D.C. Official Code § 12-309.

## FIFTEENTH DEFENSE

The public duty doctrine may bar plaintiff's claims.

## SIXTEENTH DEFENSE

The District may not be held liable for the criminal conduct of a third person, not employed or otherwise associated with the District unless the criminal act was foreseeable, and the District failed to take action to prevent it.

## SET-OFF

Defendant District of Columbia claims a set-off for any and all funds paid to plaintiff by this defendant, including any grants or other public funds made available to plaintiff or on plaintiff's behalf.

## JURY DEMAND

These defendants demand a jury trial on all issues so triable.

WHEREFORE, having fully answered, these defendants request that the plaintiff's Amended Complaint be dismissed with prejudice, with costs awarded. FURTHER, these defendants reserve the right to amend this answer pursuant to Fed. P. Civ. R. 15.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

      /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

      /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 724-7854; (202) 727-6295
Leticia.valdes@dc.gov; Leah.taylor@dc.gov