UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Anthony Bridgeforth,

    Plaintiff,

v.

Khadijah Bronson, *et al.*,

    Defendants.

C.A. No.: 06-2128 (RCL)

### DEFENDANT OFFICER DAVID SMITH'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Officer David Smith, by and through counsel, responds to the Amended Complaint, as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Amended Complaint, defendant Officer David Smith responds in like-numbered paragraphs as follows:

Jurisdiction and Venue

1-2.    This defendant acknowledges the statutory authorities cited in paragraphs 1 and 2 of the Amended Complaint, but denies that jurisdiction and venue are necessarily conferred therefrom.

Parties

3-4.    This defendant is without sufficient information to either admit or deny the allegations set forth in paragraphs 3 and 4 of the Amended Complaint.

5.    Paragraph 5 of the Amended Complaint is directed to a party other than this defendant, and as such, no response is necessary.

6.  This defendant admits that he is and was during the relevant time period, an employee of the District of Columbia Metropolitan Police Department.

7.  Paragraph 7 of the Amended Complaint is directed to a party other than this defendant, and as such, no response is necessary.

8.  The averments set forth in paragraph 8 of the Amended Complaint are the legal conclusions of the pleader to which no response is required from this defendant.

## FACTS

### Rental and Possession of 210 20th Street, N.E. Unit #4

9-20.  This defendant is without sufficient information to either admit or deny the allegations set forth in paragraphs 9 through 20 of the Amended Complaint.

### Police Involvement and Unlawful Eviction

21-27.  This defendant is without sufficient information to either admit or deny the allegations set forth in paragraphs 21 through 27 of the Amended Complaint.

28.  This defendant denies the allegations set forth in paragraph 28 of the Amended Complaint.

29.  This defendant admits that on the night of the alleged incident he responded to the scene. This defendant denies that he intimidated or frightened plaintiff. This defendant is without sufficient information to either admit or deny the remaining allegations set forth in paragraph 29 of the Amended Complaint. To the extent that a response is required, this defendant denies the allegations.

30.  This defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 30 of the Amended Complaint. To the extent that a response is required, this defendant denies the allegations.

31-32. This defendant denies the allegations set forth in paragraphs 31 and 32 of the Amended Complaint.

33. This defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 33 of the Amended Complaint.

Count I
Wrongful Eviction
(Against defendant Bronson)

34. This defendant reasserts each and every response contained in paragraphs 1 through 33 above as if fully set forth herein and hereby incorporates them by reference.

35-36. Paragraphs 35 and 36 of the Amended Complaint are directed to a party other than this defendant, and as such, no response is necessary.

Count II
Wrongful Eviction
(Against defendants District of Columbia, Carter, Smith, Acosta, Powell, Johnson and McLean)

37. This defendant reasserts each and every response contained in paragraphs 1 through 36 above as if fully set forth herein and hereby incorporates them by reference.

38. This defendant denies the allegations set forth in paragraph 38 of the Amended Complaint.

39. The allegations set forth in paragraph 39 of the Amended Complaint are the legal conclusions of the pleader to which no response is required from this defendant. To the extent that a response is required, this defendant denies the allegations.

40. This defendant denies the allegations set forth in paragraph 40 of the Amended Complaint.

Count III
Violations of the Fifth and Fourteenth Amendments to the U.S. Constitution,
and Violations of 42 U.S.C. § 1983
(Against defendant District of Columbia)

41.     This defendant reasserts each and every response contained in paragraphs 1 through 40 above as if fully set forth herein and hereby incorporates them by reference.

42-47.  Paragraphs 42 through 47 are directed to a party other than this defendant, and as such, no response is necessary.

Count IV
Violations of the Fourth and Fourteenth Amendments to the U.S. Constitution,
and Violations of 42 U.S.C. § 1983
(Against defendant District of Columbia)

48.     This defendant reasserts each and every response contained in paragraphs 1 through 47 above as if fully set forth herein and hereby incorporates them by reference.

49-54.  Paragraphs 49 through 54 of the Amended Complaint are directed to a party other than this defendant, and as such, no response is necessary.

Count V
Violations of the Fifth and Fourteenth Amendments to the U.S. Constitution,
and Violations of 42 U.S.C. § 1983
(Against defendants Carter, Acosta, Smith, Powell, Johnson and McLean)

55.     This defendant reasserts each and every response contained in paragraphs 1 through 54 above as if fully set forth herein and hereby incorporates them by reference.

56-57.  The allegations set forth in paragraphs 56 and 57 are the legal conclusions of the pleader to which no response is required from this defendant.

58.     This defendant denies the allegations set forth in paragraphs 58 of the Amended Complaint.

59-60.  The allegations set forth in paragraphs 59 and 60 are the legal conclusions of the pleader to which no response is required from this defendant.

61.     This defendant denies the allegations set forth in paragraph 61 of the Amended Complaint.

Count VI

Violations of the Fourth and Fourteenth Amendments to the U.S. Constitution,
and Violations of 42 U.S.C. § 1983
(Against defendants Carter and Smith)

62.     Defendant Officer David reasserts each and every response contained in paragraphs 1 through 61 above as if fully set forth herein and hereby incorporates them by reference.

63-65.  The allegations set forth in paragraphs 63 through 65 are the legal conclusions of the pleader to which no response is required from this defendant.

66-68.  This defendant denies the allegations set forth in paragraphs 66 through 68 of the Amended Complaint.

Count VII
Intentional Infliction of Emotional Distress
(Against defendants District of Columbia, Bronson, Carter, Smith and McLean)

69.     This defendant reasserts each and every response contained in paragraphs 1 through 68 above as if fully set forth herein and hereby incorporates them by reference.

70.-71. This defendant denies the allegations set forth in paragraphs 70 and 71 of the Amended Complaint.

72.     The allegations set forth in paragraph 72 are the legal conclusions of the pleader to which no response is required from this defendant.

73.     This defendant denies the allegations set forth in paragraph 73 of the Amended Complaint.

Further answering, this defendant denies all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

### THIRD DEFENSE

Officer David Smith may be entitled to qualified immunity for his complained of conduct.

### FOURTH DEFENSE

Plaintiff's claims do not rise to the level of constitutional violations.

### FIFTH DEFENSE

The actions of this defendant was reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

### SIXTH DEFENSE

The actions of this defendant were taken in good faith and with a reasonable belief in their lawfulness.

### SEVENTH DEFENSE

If plaintiff was injured as alleged in the Amended Complaint, such injuries were the result of the criminal or wrongful acts of third persons and not this defendant.

### EIGHTH DEFENSE

If plaintiff was injured as alleged in the Amended Complaint, such injuries were the result of his sole or contributory negligence and/or assumption of the risk.

### NINTH DEFENSE

The applicable statutes of limitations may bar this action.

### TENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

**ELEVENTH DEFENSE**

This defendant denies all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, statutory and operational standards, and negligence.

**JURY DEMAND**

This defendant demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant requests that the plaintiff's Amended Complaint be dismissed with prejudice, with costs awarded.  FURTHER, this defendant reserves the right to amend this answer pursuant to Fed. P. Civ. R. 15.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

   /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 724-7854; (202) 727-6295
Leticia.valdes@dc.gov; Leah.taylor@dc.gov