UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony Bridgeforth,<br><br>  Plaintiff,<br><br>  v.<br><br>Khadijah Bronson, *et al.*,<br><br>  Defendants. | C.A. No.: 06-2128 (RCL) |

## JOINT SUBMISSION PURSUANT TO LOCAL RULE 16.3

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d), the parties hereby respectfully submit this joint report. Descriptions of the parties' respective positions as to each issue set forth in Local Rule 16.3(c) are set forth below. Alternative proposed scheduling orders submitted by plaintiff Anthony Bridgeforth ("Plaintiff") and defendants the District of Columbia, Officer James Carter, Officer Jose Acosta, Officer David Smith, Officer Joseph Powell, Officer Darrell Johnson, and Captain Ralph McLean (collectively, the "District Defendants") are filed as attachments to this report.

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

No dispositive motion has been filed to date. The parties believe that, depending on the results of fact discovery, the case may be amenable to summary judgment. Each party proposes a schedule for summary judgment briefing as set forth in its response to issue No. 6 below, and Plaintiff and the District Defendant incorporate such schedule in their respective proposed scheduling orders.

2.  **The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

    The parties agree that all parties shall be joined and that any amendments to pleadings be completed within 90 days of the entry of the scheduling order by the Court or by May 23, 2007. The parties do not believe any factual and legal issues can be agreed to or narrowed at this time.

3.  **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

    The parties do not believe that the case should be assigned to a magistrate for all purposes.

4.  **Whether there is a realistic possibility of settling the case.**

    The parties are willing to explore the possibility of settlement, but believe that settlement discussions may be more appropriate with the benefit of discovery.

5.  **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

    The parties do not believe that the case would benefit from alternative dispute resolution procedures at this time.

6.  **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions**.

    Defendants believe that this matter may be disposed of in its entirety by dispositive motion. Plaintiff may also file a cross motion for partial summary judgment.

    The parties propose the following schedule for summary judgment briefing: (a) all motions for summary judgment shall be filed by not later than 30 days after the close of discovery; (b) all oppositions shall be filed no later than 30 days of the filing of the initial

motion; (c) replies, if any, shall be filed by no later than 15 days after the filing of any opposition.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to follow the procedures set forth in Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2 for the exchange of initial disclosures. The parties will exchange initial disclosures by March 23, 2007.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that five months is an appropriate fact discovery period in this case, but disagree on the timing of expert discovery, if any, and what limits should be placed on discovery. All parties reserve the right to seek the entry of an appropriate protective order or orders.

**Plaintiff:** Because of the large number of named defendants in this case and because the need for additional witnesses, if any, will not be known until discovery commences, Plaintiff proposes to limit the number of depositions to ten in addition to the depositions of any named defendants. Plaintiff does not believe that any additional limits on discovery beyond those set forth in the federal and local rules are necessary.

**District Defendants:** The District defendants believe that the presumptive limits for complex litigation should apply. The defendants request that depositions be limited to 10 for each side, and a limit of 25 interrogatories per side. The defendants further reserve the right to seek the entry of appropriate protective orders for high ranking officials of the District of Columbia government, and/or for the release of any personnel records.

**Defendant Bronson:** Defendant Bronson takes no position on the limits that should be placed on discovery.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree to exchange expert witness reports and information, if any, pursuant to Fed. R. Civ. P. 26(a)(2), but disagree on the schedule for submitting such reports. All parties agree that any experts shall be deposed before the close of discovery.

**Plaintiff:** Plaintiff believes that expert witness reports and information, if any, should be disclosed at the end of fact discovery in the interest of efficiency and judicial economy. Plaintiff therefore proposes the following schedule for expert discovery:

| | | |
|---|---|---|
| (a) | Close of fact discovery | July 23, 2007 |
| (b) | Expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B) | August 22, 2007 |
| (c) | Rebuttal expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C), if any | September 21, 2007 |
| (d) | Close of expert (and all) discovery | October 12, 2007 |

**District Defendants:** The District defendants propose that plaintiff's expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) be identified within 75 days of the entry of the scheduling order with rebuttal expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(C) be identified within 45 days after plaintiff has identified his experts. The defendants propose that all experts shall be deposed prior to the close of discovery.

**Defendant Bronson:** Defendant Bronson takes no position on the timing of expert discovery.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The provisions of this paragraph are not applicable because this case is not a class action.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**Plaintiff:** Plaintiff does not anticipate the need for bifurcation of either trial or discovery.

**District Defendants**: The District defendants reserve the right to seek bifurcation if appropriate.

**Defendant Bronson:** Defendant Bronson takes no position on bifurcation at this time.

12. **The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

**Plaintiff:** Plaintiff proposes that a pretrial conference be held within 30 days of the Court's ruling on any motion for summary judgment, or November 12, 2007, if no motion for summary judgment is filed.

**District Defendants:** The District defendants propose that a pretrial conference be held within 45 days of the Court's ruling on any motion for summary judgment, or within 45 days of the close of discovery if no motion for summary judgment is filed.

**Defendant Bronson:** Defendant Bronson takes no position on the date for a pretrial conference at this time.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    The parties propose that a trial date be set at the Pretrial Conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

    None at this time.

Respectfully Submitted,

HOGAN & HARTSON L.L.P.

By: /s/ Jeremy T. Monthy
    Adam K. Levin (#460362)
    Jeremy T. Monthy (#468903)
    Eliza L. Andonova (#486277)
    555 Thirteenth Street, N.W.
    Washington, D.C. 20004
    (202) 637-5600
    (202) 637-5910 (fax)

*Counsel for plaintiff Anthony Bridgeforth*

/s/ Darryl F. White
Darryl F. White, Esq.
4308 Georgia Ave NW
Washington DC 20011
    202-882-4880
202-882-4020 (fax)

*Counsel for defendant Khadijah Bronson*

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

   /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
    441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 724-7854; (202) 727-6295
Leticia.valdes@dc.gov; Leah.taylor@dc.gov

*Counsel for the District Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Anthony Bridgeforth,

    Plaintiff,

    v.

Khadijah Bronson, *et al.*,

    Defendants.

C.A. No.: 06-2128 (RCL)

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

Upon consideration of the Joint Report of the Parties, it is hereby

ORDERED that interrogatories will be limited to 25 by each party to be issued to each party and that depositions of fact witnesses other than named defendants be limited to 10 per side; and it is

FURTHER ORDERED that the following schedule for discovery, dispositive motions, pretrial conference, and trial is adopted:

| | |
|---|---|
| Deadline for amending pleadings and adding parties | May 23, 2007 |
| Close of fact discovery | July 23, 2007 |
| Expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B) | August 22, 2007 |
| Rebuttal expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C), if any | September 21, 2007 |
| Close of expert (and all) discovery | October 12, 2007 |

| | |
|---|---|
| Filing of dispositive motions, if any | November 12, 2007 |
| Responses to any dispositive motions | December 12, 2007 |
| Replies to dispositive motions, if any | December 28, 2007 |
| Pretrial conference | *Later of* November 12, 2007 *or* 30 days after decision on dispositive motions |
| Trial | To be determined |

This schedule may be modified at any time by the Court's own motion or upon motion of a party upon a showing of good cause. Failure to comply with all terms may result in dismissal, default judgment, refusal to let witnesses testify, refusal to admit exhibits, the assessments of costs and expenses, including attorney fees, or other sanctions.

ENTERED this _____ day of _____, 2007.

_____
The Honorable Royce C. Lamberth
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Anthony Bridgeforth,

    Plaintiff,

v.

Khadijah Bronson, *et al.*,

    Defendants.

C.A. No.: 06-2128 (RCL)

**DISTRICT DEFENDANTS' PROPOSED SCHEDULING ORDER**

The Court, having considered the issues raised by the parties with respect to scheduling, and for good cause shown, it is on this ____ day of _____, 2007, hereby

ORDERED that the following schedule shall govern the proceedings in this action:

1.     All additional parties shall be joined and all amendments to pleadings completed within 90 days of the entry of this Order, on or before May 23, 2007.

2.     All discovery shall be completed by October 23, 2007.

3.     Each side may conduct 10 depositions, and propound 25 interrogatories to the other side.

4.     Expert discovery shall be completed by the close of discovery as follows:

(a)     Plaintiff's experts shall be identified and expert reports disclosed as described by Fed. R.Civ. P. 26(2)(B) within 75 days of the entry of this Order, or by May 23, 2007, whichever date is the latest.

(b) Rebuttal experts, as described by Fed. R.Civ. P. 26(2)(C), shall be identified and rebuttal reports disclosed 45 days after plaintiff's disclosure of experts, or by July 9, 2007, whichever date is the latest.

(c) Depositions of all experts shall be completed by October 23, 2007, the close of discovery.

5 Any motion for summary judgment shall be filed by no later than 30 days after the close of discovery, or by November 22, 2007, whichever date is the latest. Any opposition shall be filed by no later than 30 days after the filing of the initial motion. A reply, if any, shall be filed by no later than 15 days after the filing of any opposition.

6. The pretrial conference shall be held within 45 days of the Court's ruling on a motion for summary judgment. If no motion for summary judgment is filed, the pretrial conference shall be held within 45 days after the close of discovery.

7. The trial date shall be scheduled at the Pretrial Conference.

IT IS SO ORDERED.

                                                ROYCE C. LAMBERTH
                                                United States District Court Judge