UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTHONY BRIDGEFORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2128 (RCL) |
| | ) | |
| KHADIJAH BRONSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT DISTRICT OF COLUMBIA'S PARTIAL CONSENT MOTION TO
EXTEND DISCOVERY AND REVISE SCHEDULING ORDER**

Plaintiff Anthony Bridgeforth, by and through counsel, respectfully submits this response to defendant District of Columbia's October 16, 2007 Partial Consent Motion to Extend Discovery and Revise Scheduling Order ("Motion to Extend"). Mr. Bridgeforth does not oppose a modest extension of the discovery period in order to give Defendants additional time to respond to pending, and overdue, discovery and to schedule depositions. Mr. Bridgeforth withheld his consent from the Motion to Extend, however, because (a) several of the representations in the motion merit clarification, and (b) the relief requested by the District should be revised to eliminate the possibility for Defendants to use the extension to engage in discovery they have otherwise waived.

First, Mr. Bridgeforth disputes that Defendants have worked "diligently" to obtain documents and otherwise respond to discovery to date. See Motion to Extend at 1. After initial attempts to settle this matter met with no response, Mr. Bridgeforth propounded interrogatories and requests for production on both defendants on August 22, 2007. Counsel for the District did not begin producing documents until October 3 or providing interrogatory responses until

October 12—well past the deadlines in the Federal Rules.  As of the date of this memorandum, Mr. Bridgeforth still has not received interrogatory responses for all District defendants, including the District itself, and, as noted in the Motion to Extend, is still waiting to receive "some of the documents requested by the plaintiff . . . ."  Id.

Meanwhile, counsel for Ms. Bronson has not responded at all to the written discovery or correspondence.  The Motion to Extend makes this fact conspicuous by omitting Ms. Bronson from the list of parties who "have endeavored to complete discovery and secure deposition dates . . . ."  Id.  In fact, Ms. Bronson has yet to file even initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's Scheduling Order.  Under the Scheduling Order, those disclosures were due nearly seven months ago on March 23, 2007.  If for no other reason, Mr. Bridgeforth is amenable to an extension of the discovery period so that the parties can pursue appropriate relief for Ms. Bronson's unreasonable delays under Fed. R. Civ. P. 37.

Second, extending the discovery deadline without further explanation could open the door for Defendants to burden Mr. Bridgeforth with discovery that Defendants failed to serve in a timely manner.  The Scheduling Order entered on April 23, 2007 permitted each side, for example, to "propound 25 interrogatories to the other side" with sufficient time so that all discovery would be "completed" by October 23, 2007.  See Scheduling Order, dated Apr. 23, 2007 [D.E. 14] at 1.  Mr. Bridgeforth complied with this order by propounding discovery more than two months before the discovery deadline.  As of the date of this memorandum, none of the defendants has yet to propound written discovery.  Defendants should not be allowed to obtain a discovery extension that enables them to serve new discovery requests, when it was their own inability to schedule discovery on time that warranted this motion in the first place.  See Strag v. Board of Trustees, 55 F.3d 943, 954 (4th Cir. 1995) (denial of extension of time for further

\\\DC - 090334/010285 - 2621361 v2

discovery not inappropriate where delay was caused by party seeking extension) (citation omitted). 1/  In short, a discovery extension is appropriate to permit depositions and the service of outstanding discovery responses, but it should not be used to reward Defendants for their inattention or deliberate inaction during the last seven months.

## CONCLUSION

For the foregoing reasons, Mr. Bridgeforth consents to the entry of an order extending the discovery deadline and related dispositive motion deadlines for 60 days, but respectfully requests that the following terms be added to the order for the purposes of removing any unfair benefit for Defendants from the extension and discouraging further delays: (a) clarification that the extension only be used for responding to written discovery that was issued before September 23, 2007 and/or depositions; and (b) setting of pre-trial and trial dates at the Court's convenience.  A proposed Order is attached reflecting these requested additions.

                Respectfully submitted,

                HOGAN & HARTSON LLP

                ___/s/ Jeremy Monthy_____
                Adam K. Levin (D.C. Bar No. 460362)
                Jeremy T. Monthy (D.C. Bar No. 468903)
                555 Thirteenth Street, N.W.
                Washington, D.C.  20004-1109
                Telephone:  (202) 637-5600
                Facsimile:  (202) 637-5910

Dated: October 19, 2007        *Counsel for Plaintiff Anthony Bridgeforth*

---

1/    Even the District's proposed order would not permit designation of rebuttal experts as described by Fed. R. Civ. P. 26(2)(C).  The Scheduling Order ordered such disclosure by the later of July 9, 2007 or October 15, 2006 (45 days after Mr. Bridgeforth's expert disclosure), but none of the defendants has disclosed any rebuttal experts as of the date of this memorandum.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ANTHONY BRIDGEFORTH,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 06-2128 (RCL)
                                    )
KHADIJAH BRONSON, et al,            )
                                    )
            Defendants.             )
_____)

**ORDER**

        Upon consideration of defendant District of Columbia's Partial Consent Motion to Extend Discovery and Revise the Scheduling Order, plaintiff Anthony Bridgeforth's Response thereto, and the entire record herein, it is by the Court this ___ day of _____, 2007, hereby

        ORDERED that defendant District of Columbia's Motion to Extend Discovery and Revise the Scheduling Order is GRANTED IN PART, and it is hereby

        FURTHER ORDERED that the Scheduling Order originally entered in this case on April 23, 2007 is hereby revised as follows:

        All initial disclosures shall be completed and served within five (5) days of this Order.

2.   (A)  All responses to written discovery propounded before September 23, 2007, shall be completed by December 24, 2007;

      (B)  All depositions shall be completed by December 24, 2007;

5.   Any motion for summary judgment shall be filed by no later than 30 days after the close of discovery, or by January 24, 2008, whichever date is the latest. Any opposition shall be filed by no later than 30 days after the filing of the initial motion. A reply, if any, shall be filed by no later than 15 days after the filing of any opposition.

- 2 -

   6.  A status conference shall be held after the Court's ruling on a motion for summary judgment, at which the pretrial conference and trial shall be scheduled for no later than June 9, 2008, and July 7, 2008, respectively.

and it is hereby

  FURTHER ORDERED that all other deadlines and requirements set forth in the Scheduling Order originally entered in this case on April 23, 2007 shall remain the same and continue to bind the parties.

                 _____
                  Hon. Royce C. Lamberth
                  Judge, United States District Court for
                  the District of Columbia