UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY BRIDGEFORTH,        )<br>                             )<br>        Plaintiff,              )<br>                             )<br>    v.                       )<br>                             )   Civil Action No. 06-2128 (RCL)<br>KHADIJAH BRONSON, et. al.,  )<br>                             )<br>        Defendants.          )<br>                             ) | |

### DEFENDANT KHADIJAH BRONSON'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes, the defendant, Khadijah Bronson, by and through her attorney, Darryl F. White, to oppose the Plaintiff's Motion for Summary Judgment. The bases for this opposition are as follows:

1.  A landlord-tenant relationship did not exist at the time of the alleged incident. Whereby, the claim by the plaintiff that he was ejected by his landlord, defendant Bronson, has no foundation. The plaintiff was a squatter and was trespassing at the time of the alleged incident

2.  The plaintiff has failed to show by clear and convincing evidence that he suffered emotional distress as the result of the intentional acts of the said defendant.

WHEREFORE, the plaintiff's Motion should be denied. The support for the defendant's position is outlined in the attached Memorandum of Points and Authorities.

/S/ Darryl F. White
Darryl F. White, Bar No. #415229
4308 Georgia Avenue, NW
Washington, D.C. 20011
(202) 355-2978
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRIDGEFORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-2128 (RCL) |
| KHADIJAH BRONSON, et. al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT KHADIJAH BRONSON'S OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now Comes the defendant, Khadijah Bronson, by and through her attorney, Darryl F. White, to file this Opposition to the plaintiff's Motion for Summary Judgment and states the following:

### THE ABSENCE OF A LEASE AGREEMENT BETWEEN THE PARTIES

1. That the plaintiff, Anthony Bridgeforth and the defendant, did not have a lease agreement at the time the alleged eviction occurred.

2. Contrary to the plaintiff's assertion, the parties never executed a Lease to rent the subject property. Despite the plaintiff's assertion in ¶ 2, pg. 4 of his Motion, the "Lease Up" package represents the preliminary paperwork that is required to be completed before the Lease is signed. (The Court will note that plaintiff's Exhibits #25-31 do not include a signed lease between the parties). In ¶ 2, pg.5 of the plaintiff's Motion, he further asserts that additional documents were signed, however, the defendant reiterates that the defendant refused to sign a Lease for the rental of the subject property.

3. The plaintiff further testifies that on or about January 20, 2008, the defendant "did not want Mr. Bridgeforth to occupy her unit". (See ¶ 2, pg.5 of the plaintiff's Motion)

4. It is a fact that on or about January 11, 2006, the plaintiff informed the Department of Housing and the defendant, in writing, that he did not want the unit in question. (See Defendant's Exhibit #1). Furthermore, the defendant did not give the plaintiff permission to move his "things" in the unit.

5. Pursuant to D.C. Code § 42-3501.03. (36) Definitions [Formerly § 45-2503] {a} "Tenant" includes a tenant, subtenant, lessee, sublessee, or other person entitled to the possession, occupancy, or the benefits of any rental unit owned by another person.

6. In the case at bar, the plaintiff has failed to show any agreement, whether expressed or implied, that he was entitled to possess the unit. The defendant did not provide the plaintiff with access to the property by turning over any keys or have anyone make arrangements to provide assess to the unit. Whereby, the defendant asserts that a landlord-tenant relationship did not exist at the time of the ejection, therefore, a wrongful eviction claim is without foundation.

7. A landlord-tenant relationship does not arise by mere occupancy of the premises; absent an express or implied contractual agreement, with both privity of estate and privity of contract, the occupier is in adverse possession as a squatter. **Young v. District of Columbia**, 752 A.2d 138, 2000 D.C. App. LEXIS 123 (D.C., May 25, 2000, Decided ) (Where the Court stated that an award pursuant to a Summary Judgment Motion was improper where there is a dispute whether the occupant is a tenant (subtenant).

8. The absence of a contract and the fact that the plaintiff has no privy of estate with any previous lien-holders to the property, there can be no wrongful eviction.

## THE PLAINTIFF HAS NOT PRESENTED ANY EVIDENCE OF EMOTIONAL DISTRESS

9. The plaintiff makes the claim that he suffered emotional distress as a direct result of the defendant's intentional actions against the plaintiff *must* show clear and convincing evidence that a tort was committed.

10. To prove this intentional tort, the claimant must show that the tort committed by the defendant was aggravated by egregious conduct and a state of mind that justifies punitive damages.'" *Chatman v. Lawlor*, 831 A.2d 395, 400 (D.C. 2003) (quoting *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995)). *Robinson v. Sarisky*, 535 A.2d 901, 906 (D.C. 1988).

11. The defendant had every reason to believe that Mr. Bridgeforth was a squatter. The defendant had not given the plaintiff permission or access to the property. Moreover, the plaintiff had memorialized in writing his intention not to occupy the premises. Whereby, the actions of the defendant were reasonable given the information and belief she possessed at the time of her request to remove Mr. Bridgeforth from the property. Therefore, the plaintiff's burden to show clear and convincing evidence of egregious behavior on behalf of the defendant has not been met.

12. In light of the questions of fact raised herein, the plaintiff is not entitled to a Summary Judgment.

## STANDARD FOR SUMMARY JUDGMENT

13. In reviewing the propriety of a summary judgment, it is a reviewing court's responsibility to determine whether there was any issue of fact pertinent to the ruling and, if not, whether the substantive law was correctly applied. The summary judgment procedure is properly and wholesomely invoked when it eliminates a useless trial but, of course, not when it

would cut a litigant off from his right to have a jury resolve a factual issue bearing significantly on the outcome of the litigation. Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 2005 D.C. App. LEXIS 42 (D.C., March 3, 2005, Decided )

14. The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue as to any material fact, and even where his opponent comes forth with nothing, summary judgment must be denied if the facts supporting the motion do not establish the nonexistence of such an issue. Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 2005 D.C. App. LEXIS 42 (D.C., March 3, 2005, Decided )

15. Likewise, summary judgment must be denied where the movant fails to show his entitlement to a favorable determination as a matter of law. Thus, to be upheld, the summary judgment under review must withstand scrutiny on both its factual and legal foundations. Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 2005 D.C. App. LEXIS 42 (D.C., March 3, 2005, Decided )

16. On a motion for summary judgment the inferences to be drawn from the factual material before the court must be viewed in the light most favorable to the party opposing the motion. But in order to raise a material issue of fact precluding the grant of a properly supported motion for summary judgment, more is necessary than mere assertions in the pleadings. Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 2005 D.C. App. LEXIS 42 (D.C., March 3, 2005, Decided )

17. As stated herein, the plaintiff has failed to show the landlord-tenant relationship required to substantiate his claim for wrongful-eviction.

WHEREFORE, the plaintiff's Motion for Summary Judgment should be denied for the reasons stated herein.

/S/ Darryl F. White
Darryl F. White, Bar No. #415229
4308 Georgia Avenue, NW
Washington, D.C. 20011
(202) 355-2978
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY BRIDGEFORTH, )
)
Plaintiff, )
)
v. )
) Civil Action No. 06-2128 (RCL)
KHADIJAH BRONSON, et. al., )
)
Defendants. )

## ORDER

UPON CONSIDERATION, of the plaintiff's Motion for Summary Judgment and after considering the attached Memorandum of Points and Authorities and after consideration of the plaintiff's Reply, if any, and for "good cause", it is this ___ day of _____, 2008, ORDERED, that the defendant's Motion is DENIED.

_____
Judge

Cc:
Darryl F. White
4308 Georgia Avenue, NW
Washington, D.C. 20011

Jeremy T. Monthy (#468903)
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
202/637-5600
Attorneys for Plaintiff

Leticia L. Valdes, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the defendant Khadijah Bronson's Opposition to the plaintiff's Motion for Summary Judgment was served on this 23th day of May, 2008 to:

Jeremy T. Monthy (#468903)
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
202/637-5600
Attorneys for Plaintiff

Leticia L. Valdes, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

                                                /S/ Darryl F. White
                                                Darryl F. White

# DEFENDANT'S EXHIBIT #1

I Anthony Bridgeforth didn't sign a lease to be in this unit and I wish not to stay in unit #4 because of the living conditions.

1-18-06
4:50 PM

Anthony Bridgeforth